## JAMES DONALDSON v. OWEN O'CONNOR.

A party cannot acquire a lien, by filing the notice specified in the sixth section of the mechanics' lien law of 1851, for work done or materials furnished before the passage of the act. (a)

The notice of claim, under § 6, must be filed *within six months* after the perform-

---

(a) See *Sullivan* v. *Brewster, ante, p.* 681.

---

Donaldson v. O'Connor.

---

ance of the labor, &c. This is in terms a condition, upon which the right to have a lien is given by the statute.

SPECIAL TERM, NOVEMBER, 1853.

Before WOODRUFF, J.; all the members of the court concurring.

THE plaintiff in this proceeding, having filed with the clerk a notice under the sixth section of the lien law of 1851, served upon the defendant the usual notice pursuant to § 4, accompanying it with a bill of the particulars of his claim. The defendant appears to have served upon the plaintiff's attorney an answer, without waiting for a formal complaint, and the cause was then regarded by the parties as at issue, and was placed upon the trial calendar of the court.

When the case was reached, a stipulation was entered into to try it before WOODRUFF, J., at a special term, without a jury. The respective counsel accordingly appeared before him, and submitted the case upon the questions stated in the decision. It was admitted, that the work and materials, for which 'the claimant sought to be paid, were done and furnished before the act was passed, and that the notice of lien was not filed within six months after the performance, &c.

*John Newhouse*, for the plaintiff.

*C. Nagle*, for the defendant.

BY THE COURT. WOODRUFF, J.—The notice to appear in this court and account, &c., and the defendant's answer to the plaintiff's claim, are submitted to me, with the question, whether, under the mechanics' lien law of July 11, 1851, a party can gain a lien for work, labor and materials done and furnished before the passage of the act, by filing the notice specified in the sixth section?

There appears to me no room for doubt on this subject. The act, in express terms, (section 1,) gives to " any person who shall *hereafter*" perform labor, &c., a lien upon the building, &c., upon filing the notice prescribed in the sixth section.

This describes the persons who may acquire a lien, and there is nothing in the act extending its provisions to any others than those thus described. It would be so obvious a perversion of language to hold that the words, " who shall hereafter," include also one *who hath heretofore*, that I cannot deem discussion necessary. Indeed, it appears to me, that no language which I could employ in discussing the subject, would be more plain or explicit than the act itself. The act, having repealed all pre-existing laws authorizing the creation of a lien, may, and probably has, left the plaintiff without remedy, against the building; but this will not authorize me to disregard its explicit terms.

Another objection to the plaintiff's claim appears to me equally conclusive. The answer states that the plaintiff's work and materials were all furnished, &c., more than six months before the notice of claim was filed with the county clerk. If this be true, and I understand the counsel to concede it on the argument, the plaintiff is too late. The sixth section requires that the notice be filed within six months after the performance of the labor, &c. This is in terms the condition upon which the right to have a lien is given by the act. Unless, therefore, this section is complied with, no lien can be created under the act in question.

Judgment for the defendant.